UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ORIA PATTERSON | CIVIL ACTION |
| VERSUS | NO. 17-7188 |
| METROPOLITAN LIFE INSURANCE COMPANY | SECTION "R" (3) |

### ORDER AND REASONS

Defendant Metropolitan Life Insurance Company (MetLife) moves for summary judgment.[1] The Court grants the motion because plaintiff does not qualify as the beneficiary under MetLife's policy.

### I.   BACKGROUND

This case concerns the proper beneficiary of life insurance proceeds. The decedent is Kelvin Patterson, whose Federal Employees Group Life Insurance (FEGLI) policy was administered by MetLife.[2] Kelvin designated his mother, plaintiff Oria Lee Patterson, as his beneficiary on December 11, 1979.[3] On May 11, 1987, he changed his designated beneficiary to his then-

---

[1]   R. Doc. 14.
[2]   R. Doc. 1-1 at 6; R. Doc. 14-8 at 1-2.
[3]   R. Doc. 14-3 at 3.

fiancée, Desta Sue Smith.[4] Kelvin allegedly executed a third designation of beneficiary form on June 11, 2016, naming plaintiff as his beneficiary.[5]

Kelvin died on June 14, 2016.[6] In August 2016, plaintiff sought death benefits under the policy.[7] MetLife denied plaintiff's claim on the ground that the latest designation of beneficiary form on file with the Office of Personnel Management (OPM) at the time of death was the 1987 form naming Smith as beneficiary.[8] Smith submitted a claim in March 2017, which MetLife approved and paid.[9]

Plaintiff sued MetLife in state court on June 16, 2017, seeking damages for breach of contract.[10] Plaintiff later added a negligence claim.[11] MetLife removed the case to this Court on the basis of federal question jurisdiction.[12] MetLife now moves for summary judgment.[13]

---

4      *Id.* at 5.
5      *Id.* at 15.
6      R. Doc. 1-1 at 6.
7      R. Doc. 14-8 at 2.
8      R. Doc. 14-3 at 22; R. Doc. 14-4 at 13.
9      R. Doc. 14-8 at 3.
10      R. Doc. 1-1 at 6.
11      *Id.* at 14.
12      R. Doc. 1.
13      R. Doc. 14.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went

uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

Kelvin Patterson's life insurance policy is governed by the Federal Employees Group Life Insurance Act. *See* 5 U.S.C. § 8701, *et seq.* The Act provides that death benefits under a FEGLI policy must be paid first "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office or . . . in the Office of Personnel Management." *Id.* § 8705(a). The Act makes clear that "a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect." *Id.* The Act also includes an express preemption provision:

> The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

*Id.* § 8709(d)(1).

As an initial matter, MetLife argues that plaintiff's state law claims are preempted.[14] The Act clearly preempts certain state laws, such as those altering the distribution of life insurance proceeds. *See, e.g.*, *Hillman v. Maretta*, 569 U.S. 483 (2013). But many courts have entertained state law

---

14  R. Doc. 14-1 at 7.

5

claims related to FEGLI policies. *See, e.g.*, *Devlin v. United States*, 352 F.3d 525, 544-45 (2d Cir. 2003) (negligence); *Keife v. Metro. Life Ins. Co.*, 797 F. Supp. 2d 1072, 1077 (D. Nev. 2011) (breach of contract). The Fifth Circuit, however, has repeatedly declined to delineate the scope of the Act's preemption provision. *See Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 514 (5th Cir. 2000); *Metro. Life Ins. Co. v. Trevino*, 20 F.3d 1171 (5th Cir. 1994). Because of the lack of legal authority on this issue, and because plaintiff's claims fail on the merits, the Court does not address whether plaintiff's claims are preempted.

### A. Breach of Contract

MetLife argues that it is entitled summary judgment on plaintiff's breach of contract claim because Smith, not plaintiff, was the designated beneficiary under the policy. Upon Kelvin's death, MetLife received the 1979 and 1987 designation of beneficiary forms from OPM.[15] MetLife denied plaintiff's claim on August 29, 2016, because the more recent form designated Smith as beneficiary.[16] Plaintiff's counsel contested this decision by letter dated October 7, 2016, and attached the 2016 designation of beneficiary form.[17] MetLife then sought confirmation from OPM that the

---

15   R. Doc. 14-8 at 2; R. Doc. 14-2 at 3-6.
16   R. Doc. 14-3 at 22.
17   R. Doc. 14-4 at 2-4.

6

2016 form was not on file before Kelvin's death.[18] OPM confirmed that it had no record of any forms other than those it had previously sent to MetLife.[19]

Plaintiff disputes whether OPM actually received the 1987 designation of beneficiary form, and argues that this dispute of fact precludes summary judgment.[20] It is true that the 1987 form lacks any stamp or notation indicating receipt by the employing office.[21] But it is also true that OPM actually possessed the 1987 form and provided it to MetLife shortly after Kelvin's death. Such possession suffices to establish receipt. *Cf. Atkins*, 225 F.3d at 514 (holding that once "a properly filled out and signed designation of beneficiary form" is turned over to an employing office, the form is considered received by the office). While it is possible that OPM received the 1987 form only after Kelvin's death, this inference lacks any support in the record. Such "unsupported speculation [is] not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003). Accordingly, MetLife is entitled summary judgment on plaintiff's breach of contract claim.

---

[18]     *Id.* at 5.
[19]     *Id.* at 10-11.
[20]     Plaintiff does not dispute that OPM did not receive the 2016 designation of beneficiary form before Kelvin's death.
[21]     R. Doc. 14-3 at 5-6.

## B. Negligence

MetLife argues that it is entitled summary judgment on plaintiff's negligence claim because the factual allegations supporting the claim are insufficient.[22] Plaintiff's state court petition asserts that MetLife "was negligent in its handling of [plaintiff's] claim for benefits by failing to . . . properly explain [the] policy to [plaintiff] and the deceased, failing to provide[] proper notifications and potentially mishandling/misplacing crucial documentation."[23] The petition lacks any further factual allegations regarding MetLife's alleged negligence, and no evidence of such negligence appears in the record. Accordingly, MetLife is entitled summary judgment on plaintiff's negligence claim.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS MetLife's summary judgment motion. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of April, 2018.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[22] R. Doc. 14-1 at 9.
[23] R. Doc. 1-1 at 14.